```
                                                    FILED
                                              U.S. DISTRICT COURT
                                             EASTERN DISTRICT OF TEXAS
```

UNITED STATES DISTRICT COURT                    MAY 27 2025
FOR THE Eastern DISTRICT OF Texas

David R. Pete,
Plaintiff,                                       BY
v.                                               DEPUTY_____
Equifax, Inc.; JND Legal Administration, LLC; [Class Counsel Law Firm],
Defendants.

Case No. 1:25cv246
COMPLAINT FOR:
(1) LEGAL MALPRACTICE
(2) BREACH OF FIDUCIARY DUTY
(3) NEGLIGENCE
(4) FRAUD & MISREPRESENTATION
(5) UNJUST ENRICHMENT

Plaintiff David R. Pete ("Plaintiff"), by and through his undersigned counsel, brings this Complaint against Defendants Equifax, Inc. ("Equifax"), JND Legal Administration, LLC ("JND Legal"), and [Class Counsel Law Firm] ("Class Counsel"), and alleges as follows:

I. INTRODUCTION

- Plaintiff was a class member in the nationwide class action settlement arising from the 2017 Equifax data breach. Defendants Class Counsel and JND Legal owed duties to class members to administer the settlement fairly and competently. Equifax also owed duties to notify and compensate victims.

- Defendants breached those duties by failing to provide adequate notice, improperly denying or delaying valid claims, misrepresenting the settlement process, and retaining settlement funds to which they were not entitled. As a result, Plaintiff suffered actual harm.

- Plaintiff brings claims for legal malpractice, breach of fiduciary duty, negligence, fraud and misrepresentation, and unjust enrichment, and seeks compensatory damages of $100,000,000,000.00, punitive damages of $50,000,000,000.00, restitution and disgorgement of $50,000,000,000.00, and attorney's fees.

II. JURISDICTION AND VENUE
4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise in the context of a federal class action settlement and involve violations of federal common law duties.
5. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District and Defendants conduct business here.

III. PARTIES
6. Plaintiff David R. Pete is an individual and a citizen of [State], and was a member of the Equifax data breach settlement class.
7. Defendant Equifax, Inc. is a Georgia corporation with its principal place of business in Atlanta, Georgia. Equifax collected, stored, and failed to protect Plaintiff's personal data, and later participated in settling the resulting claims.
8. Defendant JND Legal Administration, LLC is a Delaware limited liability company with its principal place of business in [State]. JND Legal was retained as settlement administrator and was responsible for claim intake, notice distribution, and fund disbursement.

1

9. Defendant [Class Counsel Law Firm] is a [State] law firm that served as class counsel in the Equifax data breach litigation and was entrusted with representing the interests of all class members.

IV. FACTUAL ALLEGATIONS

A. The Equifax Data Breach and Class Action

10. In 2017, Equifax disclosed a data breach affecting approximately 147 million U.S. consumers, including Plaintiff.

11. Class Counsel filed a nationwide class action on behalf of affected consumers, alleging negligence, breach of contract, and statutory violations.

12. The parties reached a settlement that required Equifax to pay up to $425 million in cash relief, impose credit-monitoring services, and cover administrators' fees, subject to court approval.

B. Appointment and Duties of Class Counsel and JND Legal

13. Class Counsel was appointed by the court to represent all class members and to oversee adequate notice, fair claims processing, and distribution of settlement funds.

14. JND Legal was appointed to administer the settlement under Class Counsel's supervision—tasks included compiling the class list, mailing notice packets, processing claims, and distributing funds.

15. Defendants owed fiduciary, professional, and statutory duties to provide accurate notice, timely process valid claims, and distribute funds equitably.

C. Defendants' Misconduct

16. Failure to Notify Properly: Defendants sent deficient notice packets containing incorrect deadlines and incomplete instructions, depriving many class members of the opportunity to file timely claims.

17. Mishandling of Claims: JND Legal improperly rejected or delayed valid claims without adequate review, refused to answer inquiries, and required repeated resubmissions.

18. Procedural Errors: Defendants misapplied the settlement terms, miscalculated eligible damages, and ignored their own published guidelines.

19. Fraud and Misrepresentation: Defendants knowingly represented that notice and claims processing were being handled competently when they were not, inducing Plaintiff and class members to rely on false assurances.

20. Unjust Retention of Funds: Defendants retained substantial portions of the settlement fund for their own fees and expenses well beyond what was reasonable or authorized, to the detriment of legitimate claimants.

D. Harm to Plaintiff

21. As a result of Defendants' misconduct, Plaintiff's valid claim was delayed and ultimately denied, causing Plaintiff to forfeit his rightful compensation and suffer anxiety, loss of credit remediation services, and other damages.

V. CLAIMS FOR RELIEF

Count One: Legal Malpractice (Against Class Counsel)

22. Plaintiff incorporates ¶¶1–21.

23. Class Counsel owed Plaintiff a duty to exercise the skill, care, and diligence of a reasonably competent class-action lawyer.

24. Class Counsel breached that duty by failing to ensure adequate notice, supervise JND Legal, and enforce proper claims procedures.

25. As a direct and proximate result, Plaintiff suffered damages in the form of lost settlement compensation and other harm.

Count Two: Breach of Fiduciary Duty (Against Class Counsel and JND Legal)
26. Plaintiff incorporates ¶¶1–21.
27. Class Counsel and JND Legal stood in a fiduciary relationship to the class members.
28. They breached their fiduciary duties by acting in their own interests, failing to disclose material information, and misappropriating class funds.
29. Plaintiff was harmed by these breaches.

Count Three: Negligence (Against JND Legal)
30. Plaintiff incorporates ¶¶1–21.
31. JND Legal owed a duty of care to class members to administer the settlement competently.
32. JND Legal breached that duty by mishandling claims, miscalculating awards, and failing to adhere to its own procedures.
33. Plaintiff suffered damages as a result.

Count Four: Fraud & Misrepresentation (Against All Defendants)
34. Plaintiff incorporates ¶¶1–21.
35. Defendants knowingly or recklessly made false representations regarding notice adequacy and claims processing.
36. Plaintiff justifiably relied on these misrepresentations and suffered damages.

Count Five: Unjust Enrichment (Against All Defendants)
37. Plaintiff incorporates ¶¶1–21.
38. Defendants were enriched by retaining excessive fees and unclaimed funds caused by their misconduct.
39. Equity and good conscience require disgorgement of those benefits and restitution to Plaintiff.

VI. PRAYER FOR RELIEF
WHEREFORE, Plaintiff respectfully requests that the Court award the following relief:
A. Compensatory damages in the amount of $100,000,000,000.00;
B. Punitive damages in the amount of $50,000,000,000.00;
C. Restitution and disgorgement in the amount of $50,000,000,000.00;
D. Pre- and post-judgment interest;
E. Costs of suit and reasonable attorney's fees; and
F. Such other and further relief as the Court deems just and proper.

Dated: 5/22/2025

Respectfully submitted,

/ s/ Attorney Name  David R Pete / Pro se
Attorney Name
Law Firm Name
Address 6355 Chimo Ln #2105
Phone (409) 898-6229 / 409 242-1918
Email petedavidpete@yahoo.com
Counsel for Plaintiff David R. Pete

David R Pete

5-27-2025

3