**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 30 2025

BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

DAVID R. PETE,
Plaintiff,
v. Case No. 1:25-CV-00246
EQUIFAX, INC. and
JND LEGAL ADMINISTRATION, LLC,
Defendants.

PLAINTIFF DAVID R. PETE'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Date: June 28, 2025

TO THE HONORABLE JUDGE OF THIS COURT:
Plaintiff David R. Pete, pro se, respectfully submits these objections under Federal Rule of Civil Procedure 72(b) to the Magistrate Judge's June 26, 2025 Report and Recommendation (the "R&R") recommending denial of his Motion for Leave to Proceed In Forma Pauperis ("IFP Motion") and requiring payment of $405.00 in court costs.

- Introduction
  Plaintiff filed this civil action under the Fair Credit Reporting Act and related statutes. On May 28, 2025, he moved for leave to proceed IFP, submitting detailed financial affidavits and supporting documentation demonstrating indigence. The Magistrate Judge issued the R&R recommending denial of IFP status and assessment of $405.00. Plaintiff objects, as the record establishes he cannot pay the fee without sacrificing basic living expenses.

- Background
  – On May 28, 2025, Plaintiff filed his IFP Motion with affidavit under 28 U.S.C. § 1915(a).
  – The Motion detailed a monthly income of $2,000.00 (public benefits) and monthly expenses of $2,697.00 (rent, utilities, food, medical, transportation, and other necessary costs).
  – Plaintiff has no savings or other assets beyond de minimis cash on hand.
  – On June 26, 2025, the Magistrate Judge issued the R&R (Dkt. __), concluding that Plaintiff has not shown inability to pay and recommending denial of IFP status and assessment of $405.00 court costs.

- Legal Standards
  a. In Forma Pauperis Statute. Under 28 U.S.C. § 1915(a), a court "may authorize the commencement . . . of any suit . . . without prepayment of fees . . . by a person who submits an affidavit . . . showing inability to pay." Once granted, § 1915(b) governs partial payments by prisoners; non-prisoners must demonstrate that payment "would prevent the [litigant] . . . from providing . . . the necessities of life." Harris v. City of New York, 607 F.3d 18, 22 (2d Cir. 2010).
  b. Magistrate Judge Review. Under Rule 72(b), when a party timely objects to a non-dispositive R&R, the district judge "must consider timely objections" and "modify or set aside any part . . . that is contrary to law or clearly erroneous." FED. R. CIV. P. 72(b)(3).
  c. Local Rule. The Eastern District's Local Civil Rules call for clear factual findings when an IFP motion is denied and require deference to pro se filings.

- Argument
  a. Inability to Pay.
  Plaintiff's affidavit shows monthly income of $2,000.00 from public assistance and fixed monthly expenses totaling $2,697.00, leaving a monthly shortfall of $697.00. Under Moore v. McDonald, 30 F.3d 616, 621 (5th Cir. 1994), courts assess indigence by reference to actual living costs. Payment of a $405.00 filing fee would deepen the shortfall, forcing Plaintiff to forgo critical expenses such as medication and utilities. This demonstrates clear inability to pay.

b. Legal Error.
The R&R applied an improper standard by demanding proof of absolute destitution rather than inability to pay without sacrificing necessities. 28 U.S.C. § 1915(a) requires only a "showing of inability to pay," not total destitution. The Magistrate overlooked § 1915(a)'s plain language and Fifth Circuit precedent permitting IFP status where payment would "seriously impair" basic necessities. See Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982).

c. Procedural Error.
The R&R contains no factual findings regarding Plaintiff's documented $2,697.00 in monthly expenses despite the detailed affidavit and bank statements submitted May 28, 2025. The Magistrate erred by declining to credit these documents, violating the duty under Local Rule CV-7(g) to construe pro se pleadings liberally. The absence of any analysis of essential living costs renders the recommendation clearly erroneous.

- Conclusion
  For these reasons, Plaintiff respectfully requests that the Court reject the R&R, grant his IFP Motion under 28 U.S.C. § 1915(a), and waive the $405.00 filing fee.

Respectfully submitted,

/ s/ David R. Pete
David R. Pete, Pro Se
6355 Chinn Ln #2105
Beaumont, TX 77708
(409) 998-0229
dpetedavidpete@yahoo.com

CERTIFICATE OF SERVICE
I certify that on June 28, 2025, a true and correct copy of the foregoing was filed via this Court's CM/ECF system and served on counsel of record.

/ s/ David R. Pete
David R. Pete

2