FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUL 25 2025

BY
DEPUTY_____

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS BEAUMONT DIVISION

**DAVID R. PETE,** *Plaintiff,*

- **Case No. 1:25CV00246**

**EQUIFAX INC., IND LEGAL ADMINISTRATION LLC,** *Defendants.*

## BRIEF IN OBJECTION TO ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

TABLE OF CONTENTS
I. STATEMENT OF ISSUES ............................................. 3
II. FACTUAL BACKGROUND…………………………………….. 4

III. STANDARD OF REVIEW ……………………………………. 5

IV. ARGUMENT …………………………………………………. 6A. OBJECTION 1:

Judge Hawthorne's Report RecommendationDenying Pete's Motion Was Improper

……………………. 6B. OBJECTION2: The Judge's Remarks Were Conclusory and

Improper ……………………………………….. 8

C. OBJECTION3: Judicial Bias Against Plaintiff ............. 10

D. OBJECTION 4: Violation of In Forma Pauperis Rightsby Ordering Filing Fee

Payment ...........................12

E. OBJECTION 5: Improper Threat of Dismissal Under

Rule 41(a) Violates Due Process........................... 14

**V. PRAYER FOR RELIEF** ........................................... 16

**I. STATEMENT OF ISSUES**
This brief addresses five distinct objections to the Court's order overruling Plaintiff's objections

and adopting Magistrate Judge Hawthorne's Report and Recommendation:
- **Whether Judge Hawthorne's report recommendation denying Pete's motion was improper** when the motion addressed untrue information contained in credit reports, requiring application of Fair Credit Reporting Act standards.
- **Whether the district judge's conclusion that Pete "did not specifically object to the denial" was conclusory and procedurally improper** under Federal Rule of Civil Procedure 72(b) when Pete filed timely, specific objections.
- **Whether judicial bias against plaintiff Pete** requires recusal under 28 U.S.C. § 455(a) and violates due process protections.
- **Whether ordering Pete to pay the $405.00 filing fee violates his in forma pauperis rights** under 28 U.S.C. § 1915 and constitutional due process when he was previously granted IFP status.
- **Whether the threat of dismissal under Rule 41(a) for non-payment violates procedural due process** and Pete's civil rights when proper notice and procedural safeguards were not provided.

## II. FACTUAL BACKGROUND

On January 26, 2025, Magistrate Judge Hawthorne issued a Report and Recommendation (DKT 6) recommending denial of Plaintiff David R. Pete's motion addressing untrue information contained in credit reports maintained by Defendants Equifax Inc. and IND Legal Administration LLC.

On June 30, 2025, Pete timely filed specific written objections to Judge Hawthorne's Report (DKT 7) pursuant to Federal Rule of Civil Procedure 72(b). Pete's objections challenged both the legal and factual conclusions reached by the magistrate judge.

Subsequently, the district court overruled Pete's objections and adopted the magistrate judge's report and recommendation in its entirety. In doing so, the court made several procedural and substantive errors that violate Pete's constitutional and statutory rights.

The court ordered Pete to pay the $405.00 filing fee within fourteen days, despite Pete having been previously granted in forma pauperis status and having submitted an affidavit in support thereof. Pete seeks relief in the amounts of $110,000,000,000.00 (as corrected in previous filings to $100,000,000,000,000.00) from Attorney General Merrick Garland and Treasury Secretary Scott Bessent.

The court further threatened dismissal of the action for want of prosecution pursuant to

Federal Rule of Civil Procedure 41(a) if the filing fee is not paid, in violation of Pete's civil rights and established judicial procedures.

## III. STANDARD OF REVIEW

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were properly made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. Fed. R. Civ. P.72(b)(3) states:
The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.
*Ahmed v. Ohio State Highway Patrol*, Case No. 1:17 CV 2555(N.D. Ohio2019). The Advisory Committee on Civil Rules commented that "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P.72advisory committee's notes.
However, as the Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985),

Congress intended the district court to review de novo any portion properly objected to by the parties. The objection requirement is "designed to'train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations.'" *Wade v. Commissioner of Social Security*, Civil Action No. 7:18-CV-450 (W.D. Va. 2020) (citing *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007)).

An objecting party must object "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Sykes v. Commissioner of Social Security*, Civil Action No. 4:23-CV-25 (W.D. Va. 2025).

## IV. ARGUMENT

### A. OBJECTION 1: Judge Hawthorne's Report Recommendation Denying Pete's Motion Was Improper

Judge Hawthorne's recommendation to deny Pete's motion addressing untrue information was procedurally and substantively improper under the Fair Credit Reporting Act (FCRA) and established precedent regarding credit reporting accuracy.

The magistrate judge failed to apply the proper legal standard for evaluating claims of inaccurate information under 15 U.S.C. §1681e(b). As the Eleventh Circuit explained in *Equifax Inc. v. Federal Trade Commission*, 678 F.2d 1047, 1049 (11th Cir. 1982), the FCRA requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

In *Pedro v. Equifax, Inc.*, 186 F. Supp.3d 1364, 1367 (N.D. Ga. 2016), the court addressed similar claims against Equifax regarding systematic inaccuracies in credit reports. The court noted that "the procedures utilized by Defendants in gathering and scoring credit information relating to authorized users of credit card accounts results in systematic inaccuracies on those authorized user's credit reports and credit scores."

Pete's motion specifically challenged untrue information contained in his credit reports, which directly implicates the FCRA's accuracy requirements. The magistrate judge's recommendation failed to consider:

- **The statutory framework** requiring reasonable procedures to ensure accuracy under 15 U.S.C. § 1681e(b);
- **Equifax's knowledge** of systematic reporting problems, as established in similar cases involving the same defendant; and
- **Pete's specific factual allegations** regarding the untrue nature of the reported information.

The district court's adoption of this flawed recommendation constitutes legal error requiring reversal. *Thomas v. Arn*, 474 U.S. at 150.

### B. OBJECTION 2: The Judge's Remarks Were Conclusory and Improper

The district judge's statement that "Pete does not specifically object to the denial of his motion because it contained untrue information" was conclusory and factually incorrect, violating the requirements of Federal Rule of Civil Procedure 72(b).

Pete filed timely objections (DKT 7) specifically challenging the magistrate judge's findings and recommendations. The district court's characterization that Pete failed to

specifically object demonstrates a failure to conduct the required de novo review of the objected-to portions.

As the Fourth Circuit explained in *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007), an objecting party must object "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." However, this does not mean the district court can simply ignore specific objections that were actually filed.

The court in *CDS Business Services, Inc. v. H.M.C., Inc.*, Civil Action No. 19-CV-5759 (E.D.N.Y.2021), noted that "general objections or 'objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review.'"

However, this standard requires actual analysis of the objections filed, not a conclusory determination that no objections exist.

The judge's remark was conclusory because:

- **Pete did file specific objections** to the magistrate judge's report within the required time frame;
- **The court failed to analyze** the content and specificity of Pete's actual objections; and
- **The blanket statement** ignores the procedural requirements for objections under Rule 72(b).

This procedural error requires remand for proper consideration of Pete's objections under the de novo standard mandated by Rule 72(b)(3).

## C. OBJECTION3: Judicial Bias Against Plaintiff

The court's actions and statements demonstrate actual bias or, at minimum, an appearance of impropriety requiring recusal under 28 U.S.C. § 455(a) and relevant ethical standards.

Section 455(a) provides that "[a]ny judge… shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This statute "leaves no discretion to the judge if he or she comes within its purview." *In re United States*, 158 F.3d 26, 36 (1st Cir. 1998) (Torruella, C.J., dissenting).

The Supreme Court in *Liljeberg v. Health Services Corp.*, 486 U.S. 847, 865 (1988), emphasized that "[t]he very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible."

The Pennsylvania Superior Court in *Lomas v. Kravitz*, 130 A.3d 107, 133 (Pa. Super. 2015), explained that "the appearance of impropriety alone forms an independent basis for recusal even when no actual bias, unfairness, or prejudice is shown on the part of a trial court judge."

Evidence of bias in this case includes:

- **The court's conclusory dismissal** of Pete's specific objections without proper analysis;
- **The improper revocation** of Pete's in forma pauperis status without due process;
- **The threatening language** regarding dismissal for non-payment of fees; and
- **The pattern of rulings** consistently adverse to Pete's interests without proper legal justification.

Under *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 886 (2009), an objective standard governs whether a judge's conduct creates the appearance of impropriety. A reasonable person, knowing all the facts, would question the judge's impartiality in this case.

The *In re Complaint of Judicial Misconduct*, 816 F.3d 1266, 1267 (9th Cir. 2016), noted that while not all associations create an appearance of impropriety, the Supreme Court "has only mandated recusal where a judge has a direct, personal, or substantial connection to the outcome of a case or to its parties."

Here, the pattern of adverse rulings and procedural irregularities creates at minimum an appearance of bias requiring recusal and reassignment to a different judge.

### D. OBJECTION 4: Violation of In Forma Pauperis Rights by Ordering Filing Fee Payment

The court's order requiring Pete to pay the $405.00 filing fee violates his statutory rights under 28 U.S.C. § 1915 and constitutional due process protections for indigent litigants.

Section 1915 establishes specific procedures for indigent plaintiffs to proceed without prepaying filing fees. As explained in *Bango v. Cortese*, Civ. No. 22-2579 (D.N.J.2022), "Title 28, section 1915 of the United States Code establishes certain financial

requirements for prisoners who are attempting to bring a civil action in forma pauperis." The court noted that "a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee." *Id.* Pete satisfied these requirements when he was initially granted IFP status.

In *Winston v. Homes*, Case No. 1:24-cv-00824-JLT-HBK (E.D. Cal. 2024), the court explained that "an action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. Section 1915(a)."

The due process violations here include:

- **Improper revocation** of previously granted IFP status without following required procedures under § 1915;
- **Failure to consider** Pete's financial circumstances and the substantial amounts he claims are owed to him by federal officials;
- **Lack of notice and hearing** before revoking IFP status and imposing the fee requirement; and
- **Denial of access to courts** for indigent litigants protected under the First and Fourteenth Amendments.

The court's order effectively denies Pete access to the federal courts based solely on his economic status, violating fundamental constitutional principles. *Griffin v. Illinois*, 351 U.S. 12, 17 (1956).

E. OBJECTION 5: Improper Threat of Dismissal Under Rule 41(a) Violates Due Process
The court's threat to dismiss Pete's action under Federal Rule of Civil Procedure 41(a) for non-payment of the filing fee violates procedural due process and established requirements for involuntary dismissal.
Rule 41(b), not Rule 41(a), governs involuntary dismissals for failure to comply with court orders. *Collins v. Kansas*, Case No. 23-3188-JWL (D. Kan. 2023) ("Rule 41(b) of the Federal Rules of Civil Procedure 'authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or a court order.'").

Before dismissing a case under Rule 41(b), courts must consider the factors set forth in

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000):

- The duration of plaintiff's failures or non-compliance;
- Whether plaintiff had notice that such conduct would result in dismissal;
- Whether prejudice to the defendant is likely to result;
- The court's interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and
- The efficacy of a sanction less draconian than dismissal.

*Waters v. Captain Camacho1242*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013).
The procedural violations include:

- **Improper citation to Rule 41(a)** instead of the correct Rule 41(b) standard;
- **Failure to apply** the required five-factor analysis before threatening dismissal;
- **Inadequate notice** of the consequences of non-payment and available alternatives;
- **Denial of opportunity to be heard** on the appropriateness of dismissal; and
- **Failure to consider** less drastic sanctions than complete dismissal.

Additionally, dismissal for non-payment of fees when IFP status was improperly revoked constitutes a denial of access to courts based on economic status, violating due process under *Boddie v. Connecticut*, 401 U.S. 371(1971).

*Ramirez v. Val*, Case No. 4:24-cv-02969-KAW (N.D. Cal. 2024), demonstrates proper procedure when courts consider dismissal for failure to pay fees or comply with IFP requirements, including providing multiple opportunities to cure deficiencies and following appropriate procedural safeguards.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff David R. Pete respectfully requests that this Honorable Court:

- **VACATE** the order overruling Pete's objections and adopting the magistrate judge's report and recommendation;
- **REMAND** this matter to a different magistrate judge for reconsideration of Pete's motion addressing untrue information under the proper Fair Credit Reporting Act standards;
- **RECUSE** the currently assigned judge due to demonstrated bias and appearance of impropriety;
- **REINSTATE** Pete's in forma pauperis status and vacate the order requiring payment of the $405.00 filing fee;
- **VACATE** the threat of dismissal under Rule41(a) and provide proper procedural safeguards before any consideration of dismissal;
- **AWARD** such other relief as this Court deems just and proper, including protection of Pete's constitutional rights to access to courts and due process of law.

Respectfully submitted,

**DAVID R. PETE** *Pro Se Plaintiff*

Dated: July 25, 2025

*David R Pete*
7-25-2025